| | | |
|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07  02/1/2010 09:23 am<br>Page 1 of 1  Ver. 1.02<br>Commonwealth of Kentucky<br>Court of Justice · www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **10 CI 03070 3**<br>Court ☑ Circuit ☐ District<br>County  Jefferson |

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

Donna Bedtelyon
11118 Meadow Chase Court

Louisville                Kentucky            40229

PLAINTIFF

VS.

DEFENDANT

Square One, LLC
6440 Dutchmans Lane

Louisville                Kentucky            40205

**Service of Process Agent for Defendant:**
Judith Axlerod, M.D.

3116 Arden Road

Louisville                                      Kentucky            40222

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **FEB 1 - 2010**, 2____        _David L. Nicholson_ Clerk
                                      By: _RL_ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this ____ day of _____, 2____.

                                      Served by: _____
                                                 _____ Title

NO. **10 CI 00703**  JEFFERSON CIRCUIT COURT

DIVISION _____

DONNA BEDTELYON  PLAINTIFF
11118 Meadow Chase Court
Louisville, KY 40229

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

v.  **VERIFIED COMPLAINT**

SQUARE ONE, LLC  DEFENDANT
6440 Dutchmans Lane
Louisville, KY 40205

SERVE:  Judith Axlerod, M.D.
3116 Arden Road
Louisville, KY 40222

\*\*\*\* \*\*\*\* \*\*\*\*

Comes the Plaintiff, Donna Bedtelyon, by counsel, Samuel G. Hayward, and for her Verified Complaint, states as follows:

1. The Plaintiff was a former employee of Square One, having begun her employment on October 17, 2005 as the Director of Patient Services. Prior to becoming an employee of Square One, the Plaintiff worked with Dr. Judith Axlerod, Square One's owner, at the University of Louisville. Dr. Axlerod hired the Plaintiff to work with her at Square One based on their prior work relationship. Because of the prior relationship between Dr. Axlerod and the Plaintiff, there was not an official application and interview process for the Plaintiff's employment.

2. During the time in which the Plaintiff and Dr. Axlerod were associated, the Plaintiff was going through a divorce and was being treated for depression and other psychological problems. Dr. Axlerod, as well as others doctors who joined the staff of Square

1

One at later dates, became aware of the ongoing problems that the Plaintiff experienced due to her mental/psychological disabilities.

3. After the Plaintiff and Dr. Axlerod had established the business, the Plaintiff consulted Dr. Causey, Square One's Chief Psychologist, pertaining her disability, as well as Dr. Eken, Child and Adolescent Psychiatrist, all of which gave input to the Plaintiff pertaining to the problems that she was having pertaining to her disability.

4. The Plaintiff alleges that she was discharged in violation of the Americans with Disabilities Act of 1990 (the "ADA"). The ADA provides that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to...the hiring, advancement or discharge of employees..." 42 U.S.C. §12112. A disability is defined as physical or mental impairment that substantially limit one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment. 42. U.S.C. §12102(2); 20 C.F.R. §1630.2(g). A "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individuals holds or desires. 29 C.F.R. §1630.2(m).

5. As Square One became larger and larger, the Plaintiff not only was taxed for her positions that she had already experienced, but the additional experience of being the office manager and being in control of all the personalities and the infighting between all of the additional employees.

6. The Plaintiff has met the four pronged test to make a determination of a prima facie case in that by previous work experience and by knowledge of consultation with the owner, as well as other employees, the employer knew that the Plaintiff was disabled.

2

7. Because of the fact that the owner and co-worker, Dr. Axlerod, knew of the Plaintiff's disability and had a record of the disability, the Plaintiff has met the second prong test.

8. The third prong pertaining to the test is one dealing with the Plaintiff being regarded as disabled. At various times during the course of the Plaintiff's employment, the owner as well as others in the management staff, treated the Plaintiff differently because of the fact that her medications sometimes made her very cooperative and sometimes made her not so cooperative. The employer, during those days, would merely "gut it out" because of the fact that the Plaintiff was such a superior employee.

9. The fourth prong, which is reasonable accommodations, would have been extremely easy for the Plaintiff to have been accommodated. The Plaintiff, being in the mental shape that she was in, obviously would not be able to point out to the employer whether or not she was on a high or on a low and yet none of the three doctors who specialized in this area took the time to counsel the Plaintiff or in any way, redirect the Plaintiff on days in which she was not in a superior mood.

10. The Plaintiff was not counseled even though the employer used a progressive discipline system. It is not contradicted by the employer that the Plaintiff made the owner of the company well aware of her conditions after the said employer hired the Plaintiff at another company and as such, it is because of the discrimination in violation of KRS 344.040 et al, that the Plaintiff has a cause of action in the Jefferson Circuit Court.

11. The Plaintiff in this matter, being employed in Louisville, Jefferson County, Kentucky, has standing, not only because the cause of action is in Jefferson County, but the statute under which this action is being brought mandates Jefferson County as the proper forum.

12. The damages that the Plaintiff experienced far exceed the minimum threshold of this Court and as such, the Plaintiff has satisfied those requirements.

13. Pursuant to the statute (KRS 344.040), the Plaintiff has a right to sue to seek a recovery for lost wages, as well as emotional trauma caused by her being told that she could either resign or be fired if she failed to resign; has suffered other compensatory damages and has incurred legal fees all of which pursuant to KRS 344 et al, are recoverable from the Defendant.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendant to include, but not be limited to;

1. All lost wages up to and including the Plaintiff's 65th birthday;

2. Trial by jury;

3. Attorney fees; and

3. Any and all other relief to which she may appear entitled.

Respectfully submitted,

SAMUEL G. HAYWARD
4036 Preston Hwy.
Louisville, KY 40213
(502) 366-6456
Counsel for Plaintiff

4

## VERIFICATION

I have read the foregoing statements and they are true and accurate to the best of my knowledge and belief.

*Donna Bedtelyon*
DONNA BEDTELYON

COMMONWEALTH OF KENTUCKY   )
                           )ss
COUNTY OF JEFFERSON        )

Subscribed and sworn to before me by DONNA BEDTELYON this 15th day of January 2010.

_____
Notary Public
State at Large, Kentucky

My Commission Expires: 3/12/2010

5